Case 2:22-cv-00298   Document 32   Filed on 03/07/24 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
March 07, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SUPERIOR NDT LLC, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00298 |
| | § | |
| STREAMLINE ENERGY SERVICES LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Pending is Plaintiffs' Superior NTD, LLC's ("Superior"), Edward Wilkinson, John Wilkinson and John K. Smith's (collectively "Plaintiffs" or "individual Plaintiffs") Amended Motion for Summary Judgment. (D.E. 31).[1] Defendants have not responded.[2] However, for the reasons stated below, the undersigned recommends Plaintiffs' Motion for Summary Judgment be **GRANTED in part** as discussed below. (D.E. 31). The

---

[1] Plaintiffs originally filed a Motion for Summary Judgment on October 25, 2023. (D.E. 25). However, on January 12, 2024, the undersigned denied this motion without prejudice subject to refiling due to the deficiencies in the Motion as well as the First Amended Complaint. (D.E. 27). The undersigned also extended the dispositive motion deadline, permitting Plaintiffs to file the pending Amended Motion for Summary Judgment. However, many of the deficiencies remain in the pending Motion and Plaintiffs have not sought leave to correct the deficiencies in their Amended Complaint as detailed in the undersigned's January 12, 2024 Order, discussed at the January 18, 2024 hearing and as set forth below. (D.E. 27).

[2] Pursuant to Local Rule 7.4, the "[f]ailure to respond to a motion will be taken as a representation of no opposition."

undersigned further recommends final judgment be entered in Plaintiffs' favor as to Count II of the Amended Complaint and this case otherwise be dismissed without prejudice.

## I. JURISDICTION

The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. This case has been referred to the undersigned United States Magistrate Judge for case management pursuant to 28 U.S.C. § 636.  (D.E. 4).

## II. BACKGROUND

Plaintiff Superior is a company with its principal place of business in Valley Forge, Pennsylvania.  The individual Plaintiffs are managing members of Plaintiff Superior and are residents of Pennsylvania.  Defendant Streamline Energy Services, LLC ("Streamline"), whose managing members are Defendants Rene and Rosario Gaza ("Defendants Gaza"), is an entity with its principal place of business in Corpus Christi, Texas.  Defendants Gaza reside in Corpus Christi, Texas.  (D.E. 13, Page 1).[3]

---

[3] While Defendants Gaza were originally represented by counsel, they are now appearing *pro se*. (D.E. 24).  Further, Defendant Streamline is unrepresented by counsel and has been admonished about the consequences of the failure to obtain counsel.  (D.E. 24).  However, as further discussed in this M & R, neither the commercial lease or the promissory notes at issue were executed with Defendant Streamline as a party.  (D.E. 20-1, Page 2 and D.E. 20-6, Pages 2-21).  They were entered into only with Defendants Gaza.  Accordingly, Plaintiffs have filed their Amended Motion seeking summary judgment on two Counts only as to the Gaza Defendants rather than Defendant Streamline.  However, Count I for breach of lease in the Amended Complaint alleges the lease was entered into between Plaintiff Superior and Defendant Streamline, not Defendants Gaza.  (D.E. 20, Pages 3-4).  Therefore, Plaintiffs cannot seek summary judgment against the Gaza Defendants for breach of lease when Plaintiffs have failed to include a claim against them for breach of lease in the Amended Complaint.  Plaintiff's counsel was previously given the opportunity to correct this deficiency and it was discussed at the January 18, 2024 hearing.  (D.E. 27).

Plaintiff Superior and Defendants Gaza entered into a lease[4] on June 1, 2021, for the premises at 2610 Holly Road, Corpus Christi, Texas, 78415.  (D.E. 20-1).  The lease term was June 1, 2021 to May 31, 2028.  (D.E. 20-1, Page 2).  Under the terms of the lease, Defendants Gaza were to pay Plaintiff Superior a monthly rent of $3,500.00 plus $882.39 in taxes and insurance, totaling $4,382.39, on the first of each month.  (D.E. 20-1, Page 2). After Defendants Gaza failed to pay this amount for several months, Plaintiff Superior prepared and posted a formal notice to vacate on May 23, 2022 asserting $35,170.77 in past due rent was owed.  (D.E. 20-3).  The total balance owed under the lease at the time Defendants vacated the premises after September 2022 was $48,317.94.  (D.E. 20, Page 2; D.E. 20-5).  In the pending Amended Motion, Plaintiff Superior asserts a claim alleging Defendants now owe $113,152.53 for breach of this lease, which includes rent through October 2023 as well as a $1,302.52 for a final water bill "thru 4/28/22," "[c]lean up of [the] property" in the amount of $1,110.00, and a payment of $1,076.00 for a violation issued by the City of Corpus Christi for the grass not being maintained at the leased premises.[5]  (D.E. 25, Page 2 and D.E. 31-3, Pages 3-4).  In support, Plaintiffs provide the

---

[4]As stated previously, while Plaintiffs allege in the Amended Complaint that the lease was entered into between Plaintiff Superior and Defendant Streamline, the listed tenants in the document titled "Commercial Lease" are only individual Defendants Gaza. (D.E. 20, Page 2 and D.E. 25-2, Pages 2 and 11-12).

[5]The final water bill lists the property address and the amount due through April 28, 2022 as $1,302.52.  (D.E. 31-3, Page 15).  However, the invoice dated January 5, 2023, submitted by Plaintiffs as evidence of the cost of cleaning up the property does not list any address. (D.E. 31-3, Page 13).  Additionally, the city citation also does not list an address or property description nor does it list a date the citation was received.  (D.E. 31-3, Page 14).  The undersigned notes all three alleged expenses are listed on Plaintiff Superior's invoice statement as accruing on October 2,

affidavit of Ms. Patricia Wilkson, the custodian of records for Plaintiff Superior. (D.E. 31-3).

In addition to entering into a lease on June 1, 2021, Defendants Gaza also entered into a Sale and Purchase Agreement with the individual Plaintiffs to purchase Defendant Streamline. (D.E. 20-2). Each of the three individual Plaintiffs owned a one third interest in Defendant Streamline. (D.E. 20-2, Page 1). As part of the purchase, Defendants Gaza also executed three promissory notes, one to each seller, in the amount of $83,333.33 at an interest rate of five percent per annum. (D.E. 20-6, Pages 2-21). Defendants Gaza were to pay monthly installments of $1,572.60 beginning on July 1, 2021 until June 1, 2026 to each of the three individual Plaintiffs. (D.E. 20-6, Pages 2, 10 and 17). The individual Plaintiffs assert Defendants Gaza paid a total of $9,435.60 to each of them up to January 2022 and then made no further payments. (D.E. 31, Page 5 and D.E. 31-3, Page 1). Therefore, on May 18, 2022, the individual Plaintiffs sent Defendants Gaza a "Notice of Default and Acceleration of Debt Promissory Notes dated June 1, 2021." (D.E. 20-6, Page 1).[6] In support of their claim, Plaintiffs again have provided Ms. Wilkinson's affidavit, asserting that as of October 17, 2023, they are owed a total of $227,712.15 plus late fees in the amount of $39,300.00. (D.E. 31-3, Page 1).

---

2023. (D.E. 31-3, Page 4). The undersigned previously identified these deficiencies, noting them for Plaintiff's counsel. (D.E. 27).

[6] In that notice, the individual Plaintiffs asserted they were entitled to a total of $220,158.45 plus late fees in the amount of $24,300.00 as well as $1,200.00 in attorney's fees. (D.E. 20-6, Page 1).

In their Motion, Plaintiffs request judgment in their favor in the amount of $380,164.68, court costs in the amount of $740.00 as well as attorney's fees in the amount of $6,750.00. (D.E. 25, Page 4). The undersigned notes that while Plaintiffs' counsel has now submitted an affidavit with his background and averring he spent "18 hours on this matter pertinent to the filing of this Motion for Summary Judgment" at a total cost of $6,750, there is no corresponding billing statement detailing how this time was spent or other information regarding the attorney's fee request. (D.E. 31-7).

### III.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

The Court may not weigh the evidence or evaluate the credibility of witnesses. *Id*. Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent

to testify to the matters stated therein." Fed. R. Civ. P. 56; *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (Refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (Stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56; *Anderson*, 477 U.S. at 248. The nonmovant may not rely merely on allegations, denials in a pleading or unsubstantiated assertions that a fact issue exists, but must set forth specific facts showing the existence of a genuine issue of material fact concerning every element of its cause(s) of action. *Morris v. Covan World Wide*

*Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451.

## IV. ANALYSIS

It is well established in the Fifth Circuit that "[a] federal court may not grant a 'default' summary judgment where no response has been filed." *Morgan v. Fed. Exp. Corp.*, 114 F.Supp.3d 434, 437 (S.D. Tex. 2015) ("[I]f no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment.") (citations omitted). Additionally, "the movant must still show there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law." *Id*. ("If the moving party fails to meet its initial burden, the court must deny the motion for summary judgment even if there is no response.") (citations omitted). When determining whether the movant has met its burden, the Court may accept its evidence as undisputed. *Id.* (citation omitted).

Plaintiffs have presented no evidence that Defendant Streamline was a party to the lease agreement as pleaded in the Amended Complaint. Rather, the record shows Plaintiffs entered into the agreement only with Defendants Gaza. While Defendants Gaza have not disputed the underlying facts which are the basis of this action and Plaintiffs have submitted undisputed evidence that indicates they are entitled to judgment against both Defendants Gaza for breach of the commercial lease agreement, Plaintiffs do not assert a claim for breach of the commercial lease against Defendants Gaza in their First Amended

Complaint, only Defendant Streamline. (D.E. 20, Pages 3-4). Accordingly, while Plaintiffs now seek summary judgment for breach of lease against Defendants Gaza, their amended complaint does not include this claim. (D.E. 20). Therefore, the undersigned recommends Plaintiffs' Motion as to breach of the commercial lease be denied. Further, this deficiency was identified and discussed with Plaintiffs' counsel on January 12 and 18, 2024 and Plaintiffs' counsel has made no attempt to remedy the deficiency during the past two months. (D.E. 27). Additionally, the deadline for amendment of pleadings expired on September 1, 2023. (D.E. 16). Therefore, the undersigned further recommends Count I be dismissed without prejudice in its entirety as Plaintiffs now acknowledge the lease was between Defendants Gaza and Superior, not Defendant Streamline. (D.E. 31, Pages 1-2).

As for Count II, the undersigned recommends summary judgment be granted as to the individual Plaintiffs' claims against Defendants Gaza for breach of the three promissory agreements. There is no dispute that the choice of law provision in each of the contracts impose the application of Pennsylvania law. (D.E. 20-6, Pages 4, 12 and 19). While Plaintiffs continue to cite to the Pennsylvania Commercial Code in support of their claim, they again fail to provide any caselaw in support of the application of the Pennsylvania Commercial Code to the facts of this case. (D.E. 25 and D.E. 27). The undersigned recommends this claim is more appropriately considered as a breach of contract claim. "To state a claim for breach of contract under Pennsylvania law, a plaintiff must plead the following elements: (1) the existence of a contract, including its essential terms; (2) the defendant's breach of duty imposed by the terms; and (3) actual loss or injury as a direct

result of the breach." *Zamias v. Fifth Third Bank*, No. 3:17-cv-153, 2018 WL 3448169, at *6 (E.D. Penn. July 17, 2018) (citing *Angino v. Wells Fargo Bank, N.A.*, 666 F. App'x 204, 207 (3d Cir. 2016) (other citations omitted). The undisputed summary judgment record shows that both Gaza Defendants entered into contracts with the individual defendants, they defaulted when they failed to pay the monthly payments in accordance with the payment schedule and they failed to cure this default causing the individual Plaintiffs to suffer damages. Accordingly, the undersigned recommends Plaintiffs' Motion be granted as to Count II of the Amended Complaint. The individual Plaintiffs have submitted competent summary judgment evidence that they are entitled to $227,712.15 plus late fees in the amount of $39,300.00, totaling $267,012.15. (D.E. 31-3, Page 1).

As for Plaintiffs' request for attorney's fees and other court costs, the undersigned recommends Plaintiffs have failed to submit sufficient support for their request. The undersigned previously noted the total lack of evidence in support of the request for attorney's fees. (D.E. 27, Page 4). While Plaintiffs' counsel has now filed a declaration providing some relevant evidence in support, Plaintiffs have not attached billing records itemizing the time spent on this case with details regarding the specific work performed and the charges for that time. Therefore, the undersigned recommends Plaintiffs' request for attorney's fees be denied without prejudice.

## V.   CONCLUSION

For the reasons stated above, the undersigned recommends Plaintiffs' Motion for Summary Judgment be **GRANTED in part** as discussed above. (D.E. 31). The

undersigned further recommends final judgment be entered in Plaintiffs' favor as to Count II of the Amended Complaint and this case otherwise be dismissed without prejudice. The individual Plaintiffs have submitted competent summary judgment evidence that they are entitled to $227,712.15 plus late fees in the amount of $39,300.00, totaling $267,012.15. (D.E. 31-3, Page 1).

ORDERED on March 7, 2024.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).